N.Y.S.D. Case #
15-cv-9474(AKH)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# MANDATE SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand seventeen.

PRESENT:  REENA RAGGI,
          SUSAN L. CARNEY,
                    *Circuit Judges*,
          LEWIS A. KAPLAN,
                    *District Judge*.[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 12, 2017

-------------------------------------------------------------------

IN RE: FAIRFIELD SENTRY LIMITED,
                    *Debtor*.

-------------------------------------------------------------------

FARNUM PLACE, LLC,
                    *Appellant*,

                    v.                              No. 16-2127-bk

KENNETH M. KRYS, in his capacity as the duly appointed liquidator and foreign representative of Fairfield Sentry Limited,
                    *Appellee*.

-------------------------------------------------------------------

APPEARING FOR APPELLANT:     KATHLEEN M. SULLIVAN (Cleland B. Welton II, Quinn Emanuel Urquhart & Sullivan, LLP, New York, New York; Eric D. Winston, Quinn Emanuel Urquhart & Sullivan,

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

MANDATE ISSUED ON 06/12/2017

| | LLP, Los Angeles, California, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, New York. |
|---|---|
| APPEARING FOR APPELLEE: | JEFFREY A. LAMKEN (David J. Molton, Daniel J. Saval, Brown Rudnick LLP, New York, New York; Lucas M. Walker, MoloLamken LLP, Washington, D.C., *on the brief*), MoloLamken LLP, Washington, D.C. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*; Stuart M. Bernstein, *Bankruptcy Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 3, 2016, is AFFIRMED.

This case returns to us following remand. *See Krys v. Farnum Place, LLC (In re Fairfield Sentry Ltd.)* (*Sentry I*), 768 F.3d 239 (2d Cir. 2014) (ordering bankruptcy court to apply 11 U.S.C. § 363(b) to sale ("Sale") of Fairfield Sentry Limited's ("Debtor") claim in liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") by Kenneth M. Krys, duly appointed liquidator in and recognized foreign representative of Debtor's British Virgin Islands ("BVI") liquidation, to Farnum Place, LLC ("Farnum")). Farnum here appeals from the district court's affirmance of the bankruptcy court's decision to disapprove that transaction pursuant to § 363(b) based on its determination that Krys had provided a "sound business reason" for disapproval. S.P.A. 19. "We review an appeal from a district court's affirmance of a bankruptcy court decision independently, accepting the bankruptcy court's factual findings unless clearly erroneous, and reviewing [its] legal conclusions *de novo*." *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 132 (2d Cir. 2013) (internal quotation marks

2

omitted).   In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, *see Sentry I*, 768 F.3d at 241–43, which we reference only as necessary to explain our decision to affirm.

Farnum here makes two principal arguments: (1) that the bankruptcy court erred in disapproving the Sale in 2015 because its issuance of a 2010 order "entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative," 11 U.S.C. § 1521(a)(5); *see In re Fairfield Sentry Ltd.*, 440 B.R. 60, 67 (Bankr. S.D.N.Y. 2010), satisfied the notice-and-hearing requirement of § 363(b) imposed upon the sale by operation of 11 U.S.C. § 1520(a)(2) ("Entrustment Argument"); and (2) that the bankruptcy court gave insufficient weight in its § 363(b) analysis to comity values ("Comity Argument").   We hold both arguments foreclosed by *Sentry I*'s mandate, and we decline to reconsider our direction in that decision that the bankruptcy court was obliged to conduct § 363(b) review.

1.   <u>Mandate Rule</u>

"The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or *impliedly* decided by the appellate court."   *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (emphasis in original) (internal quotation marks omitted).   Beyond deciding issues expressly or impliedly, "[a] mandate may also, by its terms, further limit issues open for consideration on remand."   *Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 809 F.3d 94, 99 (2d Cir. 2015) (alteration and internal quotation marks omitted); *see Puricelli v. Republic of Argentina*, 797 F.3d 213, 218 (2d Cir. 2015) ("[W]here a mandate directs a

3

district court to conduct specific proceedings and decide certain questions, generally the district court must conduct those proceedings and decide those questions."). "To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." *United States v. Ben Zvi*, 242 F.3d at 95 (internal quotation marks omitted). We review *de novo* a lower court's interpretation of an appellate mandate. *See Puricelli v. Republic of Argentina*, 797 F.3d at 218.

In *Sentry I*, this court considered Krys's appeal from the affirmance of a bankruptcy order concluding that the Sale property at issue was not "within the territorial jurisdiction of the United States" within the meaning of 11 U.S.C. § 1520(a)(2), which otherwise would have required review of the Sale pursuant to 11 U.S.C. § 363 to determine whether there was a "good business reason" to approve it, *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983). The bankruptcy court had also held, in the alternative, that "comity dictate[d] deference to [the BVI] Court's judgment approving the sale." *Sentry I*, 768 F.3d at 241.

We identified as the "primary question" on that appeal "whether the bankruptcy court was required to consider a review under section 363," an inquiry that we answered in the affirmative because the Sale property was within the territorial jurisdiction of the United States. *Id.* at 243. In a section of the opinion entitled "Section 363 Review," we stated that "[t]he language of [§ 1520(a)(2)] makes it plain that the bankruptcy court was *required* to conduct a section 363 review." *Id.* at 246 (emphasis added). We then provided "some guiding principles" to aid in that task, instructing that "a judge determining a § 363(b) application is required to expressly find from the evidence

4

presented before him at the hearing a good business reason to grant" the sale request, and specifically directing that the bankruptcy court here "must consider as part of its section 363 review the increase in value of [Debtor's claim against BLMIS] between the signing of the [Sale agreement] and approval by the bankruptcy court." *Id.* at 246–47 (alteration and internal quotation marks omitted).

We also rejected the bankruptcy court's alternative holding regarding comity. While acknowledging the centrality of comity to Chapter 15, we observed that § 1520(a)(2)'s requirement of § 363(b) review operated as a "brake or limitation on comity." *Id.* at 245 (internal quotation marks omitted). We noted that § 1520(a)(2) expressly provides that § 363 must apply "to the same extent" as it would to the property of a domestic bankruptcy estate, *id.* at 244, and that "it is not apparent at all that the BVI Court even expects or desires deference in this instance," *id.* at 246, given that, in its order approving the sale, it stated, *inter alia*, that Krys should "bring before the U.S. Bankruptcy Court the question of *approval (or nonapproval)* by that Court" of the Sale and, if the U.S. bankruptcy court were to "withhold approval of the [Sale], that will bring the [Sale] to an end," *id.* at 246 n.2 (emphasis in original). We concluded by remanding the case to the district court with specific "instructions to [remand] to the bankruptcy court for such [§ 363(b)] review." *Id.* at 247.

On remand, the bankruptcy court conducted a § 363(b) review and disapproved the Sale based upon the post-Sale increase in value of Debtor's claim against BLMIS. In reaching its conclusion, it suggested that both the Entrustment and Comity Arguments were foreclosed by *Sentry I*'s mandate. This was correct.

a.     Entrustment Argument

Upon deciding that the Sale property was within the territorial jurisdiction of the United States within the meaning of § 1520(a)(2), *Sentry I* held that the bankruptcy court was to conduct a § 363(b) review.   This is evident in the statement that "the bankruptcy court was *required* to conduct a section 363 review," *id.* at 246 (emphasis added), which would entail "expressly find[ing] from the evidence presented before [it] at the hearing a good business reason to grant such an application," *id.* (internal quotation marks omitted).   Further, *Sentry I* stated that the bankruptcy court was to consider "salient factors pertaining to the proceeding," including "whether the [Sale] asset is increasing or decreasing in value," which, in this case, meant accounting for the increase in value of Debtor's claim against BLMIS after the Sale agreement was executed.   *Id.* (internal quotation marks omitted).   In so holding, we necessarily concluded that the bankruptcy court's initial § 1521(a)(5) entrustment order—issued when Krys first sought Chapter 15 recognition of the BVI liquidation in 2010—did not satisfy § 363(b), as Farnum now argues, because, otherwise, we would not have instructed the bankruptcy court to consider all relevant § 363(b) factors on remand.   Indeed, as Krys contends, the § 1521(a)(5) order predated the Sale agreement and, thus, the post-Sale increase in value of Debtor's claim against BLMIS, so that satisfaction of § 363(b) by virtue of the earlier § 1521(a)(5) order could not coexist with our mandate to consider that increase in value in conducting the § 363(b) review.

Our conclusion that the Entrustment Argument was rejected in *Sentry I* finds support in the fact that Farnum made effectively the same argument in the earlier appeal that it now advances.   The *Sentry I* panel was thus presented with the argument that

6

further § 363(b) review was unnecessary but, nonetheless, directed that such review—which our precedent suggests requires a business-judgment analysis—go forward.

Moreover, in petitioning for rehearing of *Sentry I*, Farnum requested that the opinion "be amended so as not to *require* the bankruptcy court to conduct a section 363 review," because the issued opinion "could be read to foreclose the prior consideration on remand of the alternative arguments," including the Entrustment Argument.  J.A. 565 (emphasis in original).  We ordered Krys to respond to the petition and, in particular, to the argument that the lower courts should be permitted "to consider any issues not already adjudicated that might preclude the need for a section 363 hearing."  *Id.* at 569. After Krys responded, we nevertheless denied the petition.  Farnum contends that "such a denial is fully consistent with a conclusion that clarification was *unnecessary* because the opinion is not reasonably read to foreclose Farnum's argument."  Appellant's Br. 28 (emphasis in original).  In light of our explicit request for briefing as to the opinion's effect on Farnum's alternative arguments, we cannot agree.  Because *Sentry I* foreclosed the Entrustment Argument, the denial is more reasonably understood to reject the need to modify the opinion to allow Farnum to make the same Entrustment Argument it advances in this appeal.

*Sentry I* thus both impliedly rejected the Entrustment Argument and limited the lower courts' consideration on remand to a traditional § 363(b) analysis.  At the very least, the Entrustment Argument was repudiated by the "broader spirit of the mandate." *Statek Corp. v. Dev. Specialists, Inc.*, 809 F.3d at 99 (internal quotation marks omitted). Accordingly, that mandate bars further consideration of the argument.

b.  Comity Argument

*Sentry I* explicitly rejected the notion that comity values underlying Chapter 15 compelled deference to the BVI court's approval of the Sale to the exclusion of any § 363(b) review.  As Krys observes, Farnum has now repackaged this argument to suggest that comity values should instead have weighed as a dispositive factor in that review.  Because this is effectively the same argument, it is barred by the mandate.

In *Sentry I*, we concluded that "the bankruptcy court erred when it gave deference to the BVI Court's approval of the [Sale] and failed to conduct a review under section 363." 768 F.3d at 246.  In so holding, we highlighted "[t]he express statutory command that, in a Chapter 15 ancillary proceeding, the requirements of section 363 'apply . . . *to the same extent*' as in" domestic bankruptcies.  *Id.* at 245 (alteration and emphasis in original) (quoting 11 U.S.C. § 1520(a)(2)).  These statements evince our holding that, in this statutory context, comity may not play a dispositive role, whether within a § 363(b) review or by displacing that review entirely.  Reinforcing that conclusion is the note taken in *Sentry I* of the language in the BVI court's decision, from which "it is not apparent at all that the BVI Court even expects or desires deference in this instance."  *Id.* at 246.  Farnum's contention that the § 363(b) factors should differ depending on the type of bankruptcy proceeding and that, in a Chapter 15 proceeding, comity should play a significant role, was rebuffed when we instructed the bankruptcy court to conduct a § 363(b) review consistent with the factors identified in *In re Lionel*, a Chapter 11 proceeding.  *See id.*  Accordingly, *Sentry I* rejected the Comity Argument and explicitly required the lower courts on remand to conduct a § 363(b) review that

would *not* give comity controlling weight. Thus, the mandate forecloses this argument as well.

2.     Reconsideration of *Sentry I*'s Repudiation of Farnum's Arguments

Even if the mandate rule prohibited the lower courts from considering the Entrustment and Comity Arguments, Farnum contends that this court may reconsider its earlier ruling for "cogent or compelling reasons" consistent with the law-of-the-case doctrine. *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks omitted). We have identified "the need to correct a clear error or prevent manifest injustice" as a primary reason justifying reconsideration. *Id.* (internal quotation marks omitted); *see also Johnson v. Holder*, 564 F.3d 95, 100 (2d Cir. 2009) (observing that appellate court may reconsider prior ruling only where argument "obviously compel[s] a result contrary to" initial decision). We here identify no clear error and decline to reconsider our earlier decision.[1]

a.     Entrustment Argument

Farnum's Entrustment Argument fails to demonstrate clear error in *Sentry I*'s direction to conduct § 363(b) review. As noted earlier, § 1520(a)(2) expressly commands that, in a Chapter 15 ancillary proceeding, the requirements of § 363 apply to the same extent as in Chapter 7 or 11 proceedings. *See* 11 U.S.C. § 1520(a)(2). The plain language of the statute thus seems to require that, pursuant to § 363 and our precedent, any sale of debtor property outside of the ordinary course of business can be

---

[1] Farnum's argument that it has never had its day in court to present the Entrustment Argument fails because it, in fact, has had several opportunities to make that argument to tribunals in this circuit.

9

approved by the bankruptcy court only after notice, hearing, and a finding of good business reasons to permit the sale. *See* 11 U.S.C. § 363(b); *Committee of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d at 1071.

Farnum argues that § 1521(a)(5) operates as a carve-out from § 1520(a)(2) because the grant of entrustment authority satisfies § 363. It submits first that the plain language of § 1521(a)(5) establishes that an entrustment order gives the foreign representative the unfettered ability to convert the debtor's noncash assets into cash, including by selling them, even though the statute does not address the need (or lack thereof) to seek further approval for asset sales.[2] Farnum urges that its reading comports with the structure of Chapter 15 because (1) § 1521(a)'s requirement that entrustment relief be granted only "where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditor," 11 U.S.C. § 1521(a), satisfies the demands of § 363(b); and (2) Krys's interpretation requiring § 363(b) review even after a § 1521(a)(5) order would render the latter provision superfluous. Farnum also contends that its reading is supported by the history and purpose of Chapter 15, which is to "rest authority for supervising the foreign representative" in, and to encourage cooperation with, the foreign court. Appellant's Br.

---

[2] Farnum relies on the use of the word "entrust" in (1) N.Y. U.C.C. § 2-403, allowing the entrustee to transfer the entruster's rights to a buyer in an unencumbered fashion, and (2) the Securities Investor Protection Act context, in which the entruster permits the entrustee to do business on the entruster's behalf, including by selling assets. These procedural contexts are so different from the statutory structure under consideration here as to be irrelevant. The case law Farnum cites is equally unpersuasive in compelling its urged reading.

42.  Finally, it points to Krys's prior settlement of certain U.S. claims without seeking § 363(b) review to suggest that Krys's conduct supports Farnum's interpretation.[3]

Krys counters that these arguments are defeated by the plain language of § 1520(a)(2), which calls for § 363 to apply "to the same extent" as in a domestic bankruptcy, in which non-ordinary-course sales of a debtor's property are subject to the § 363 review discussed by our court in *In re Lionel Corp.*, 722 F.2d 1063.  Section 1521(a)(5) cannot support a different conclusion because a canon of construction dictates that "the specific governs the general."  *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2071 (2012) (internal quotation marks omitted).  Thus, the § 1520(a)(2) specific requirement as to non-ordinary-course property sales governs instead of the general conferral-of-authority language in § 1521(a)(5).

Further, Krys argues that § 1521(a)(5) is neither a nullity nor superfluity because its entrustment authority may reach beyond non-ordinary-course property sales, *e.g.*, obtaining turnover of debtor assets from third parties and collecting on debts.  As for Chapter 15's history and purpose, Krys points to language in the *Guide to Enactment* of the United Nations Commission on International Trade Law's Model Law on Cross-Border Insolvency, on which the U.S. law is based, suggesting that the Model Law recognized that ancillary bankruptcy proceedings might impose procedural requirements on a foreign representative different from those in the foreign main proceeding.   Finally,

---

[3] The parties acknowledge that the law as to whether a settlement constitutes a sale requiring § 363(b) review is unsettled.  We here take no position on the merits of that issue.

Krys contends that, as a structural matter, § 1521(a)(5) should not be read to satisfy § 363(b) because it fails to provide the same degree of protection to interested parties.

This summary of the parties' arguments is sufficient to demonstrate that Farnum's Entrustment Argument is "not of such a character as to obviously compel a result contrary to the one reached by" *Sentry I*. *Johnson v. Holder*, 564 F.3d at 100. Further, even if we had not previously decided *Sentry I*, we agree that, on its face, § 1520(a)(2) is an "express statutory command that, in a Chapter 15 ancillary proceeding, the requirements of section 363 apply to the same extent as in Chapter 7 or 11 proceedings." *Sentry I*, 768 F.3d at 245 (alteration, emphasis, and internal quotation marks omitted). Accordingly, we decline Farnum's request for reconsideration and a different ruling.

### b. Comity Argument

Farnum's Comity Argument also does not warrant reconsideration. Given § 1520(a)(2)'s call for § 363 to apply to certain transfers "to the same extent" that it would in a domestic bankruptcy, we look to *In re Lionel Corp.*'s identification of factors relevant to § 363 review in a domestic bankruptcy:

> [A] bankruptcy judge . . . should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value.

722 F.2d at 1071.

Farnum argues that our precedent suggests that the factors most important to a § 363(b) review depend upon the type of bankruptcy proceeding. It urges us to hold, as a conceded matter of first impression, that, in a Chapter 15 proceeding, facilitating transnational cooperation is the most important factor. Farnum contends that, when due weight is given to transnational cooperation, it becomes clear that the Sale satisfies § 363(b). Further, Farnum argues that reversal here would not require us to hold that "U.S. courts conducting Chapter 15 proceedings are *always* obligated to defer to foreign courts in applying section 363" because no such obligation would arise where a foreign court has not asserted jurisdiction over an asset or where its decision is contrary to U.S. public policy. Appellant's Br. 56 (emphasis in original).[4]

Even assuming that comity can be considered in § 363 review,[5] Farnum has not demonstrated that it obviously compels a result contrary to that reached in *Sentry I*. The post-Sale increase in the value of Debtor's claim against BLMIS still provides a "good business reason" to disapprove the transaction, *In re Lionel Corp.*, 722 F.3d at 1071, that is not clearly outweighed by comity where, as here, the BVI court's statements signal that it did not "expect[] or desire[] deference" to its approval of the Sale, *Sentry I*, 768 F.3d at 246.

---

[4] In its reply brief, Farnum suggests that a U.S. court also may not need to defer to foreign courts where "other 'salient factors' outweigh the interest in cooperation." Appellant's Reply Br. 8.

[5] *See* 8 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 1520.01 at 1520-3 n.11 (16th ed. 2015) ("But applying section 363 to the same extent that it would apply to property of an estate does not rule out the granting of comity to a foreign court's order. . . . [N]othing in section 1520 suggests that section 363 should apply to the exclusion of traditional principles of comity or that it cannot be satisfied by a procedurally proper foreign order.").

Accordingly, we decline to reconsider Farnum's Comity Argument or to render a different ruling.

3.    Conclusion

We have considered Farnum's remaining arguments and conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

14